IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TIMOTHY CARTHON,

        Plaintiff,

vs.

CENTRAL STATE UNIVERSITY, *et al.*,

        Defendants.

:    Case No. 3:12-cv-93

District Judge Thomas M. Rose
:    Magistrate Judge Michael J. Newman

:

## ORDER AND REPORT & RECOMMENDATION[1]

This is a *pro* se case for which Plaintiff filed a motion for leave to amend his Complaint on April 19, 2012 (doc. 9).  Thereafter, Plaintiff failed to participate in a preliminary pretrial conference scheduled for May 22, 2012.  Accordingly, the Court issued a Show Cause Order to him the same day (doc. 14).

Plaintiff did not comply with the May 31, 2012 deadline set forth in the Show Cause Order, but did send to the Court a signed form consenting to Magistrate Judge jurisdiction, which the Court received on May 31, 2012.  Accordingly, on June 11, 2012, the Court issued to Plaintiff a Second Order to Show Cause (doc. 15), and sent the Order via certified mail, but that Order was returned to the Clerk as undeliverable.

On June 26, 2012, the undersigned's courtroom deputy, Gayle Hays, contacted Plaintiff by telephone, and left a voicemail message.  The next day, Plaintiff returned the call, and indicated to Ms. Hays that he had not received the Court's prior Orders.  On July 6, 2012, Plaintiff filed a Notice of Change of Address and a response to the Court's two Orders to Show

---

[1] Attached hereto is a NOTICE to the parties regarding objections to the Court's Report & Recommendation contained herein.

Cause. (Docs. 18, 19). On July 9, 2012, the Court, for good cause shown, rescinded both Orders to Show Cause.

Recognizing that this case shall thus proceed on the Court's docket, two motions are now ripe for ruling: Defendants' motion to dismiss Plaintiff's initial *pro se* Complaint (doc. 2); and Plaintiff's motion for leave to file a First Amended Complaint (doc. 9).[2]

## I.

Rule 15 provides, in part, that "a party may amend its pleadings with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend lies within the discretion of the District Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts interpret Rule 15(a) "as setting forth a 'liberal policy of permitting amendments to ensure the determination of claims on their merits.'" *Oleson v. United States*, 27 Fed. Appx. 566, 569 (6th Cir. 2001) (citations omitted).

Here, Plaintiff has asserted an additional claim, added additional facts, and changed the named parties in his draft Amended Complaint. Justice requires that *pro se* Plaintiff be granted leave to amend; Defendants' motion to dismiss be denied without prejudice; and Defendants be permitted to renew their motion to dismiss, following their review of the Amended Complaint, if they believe that pleading fails to state a claim.

Plaintiff's motion for leave to amend (doc. 9), therefore, is **GRANTED**. Plaintiff shall detach his draft Amended Complaint from the motion for leave to amend, sign it, and file it with the Clerk of Courts **WITHIN TEN DAYS** of the issuance of this Order. Defendants may file any appropriate motion directed to the amended complaint not later than the date set by the Court's Scheduling Order, which will be issued shortly after the Preliminary Pretrial Conference

---

2 This is mistakenly captioned by Plaintiff as a motion for leave to file a *Second* Amended Complaint.

on July 17, 2012. Briefing on any such motion shall be in accordance with S. D. Ohio Civ. R. 7.2. The Court **RECOMMENDS** that Defendants' motion to dismiss (doc. 2) be **DENIED AS MOOT -** since it is addressed to a pleading which is no longer operative – and **WITHOUT PREJUDICE TO REFILE.** To the extent Plaintiff also seeks in Document 9 to hold Defendant's motion to dismiss in abeyance, that request is **DENIED AS MOOT.**

July 10, 2012July 10, 2012                          s/ **Michael J. Newman**
United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report & Recommendation objected to and shall be accompanied by a memorandum in support of the objections.  If the Report & Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).