**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

TIMOTHY CARTHON,                      :

          Plaintiff,           :

    vs.                                    :

CENTRAL STATE UNIVERSITY, *et al.*,   :

          Defendants.         :

Case No. 3:12-cv-93

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1]**

---

This is a *pro se* case presently before the Court upon Defendants' joint motion to dismiss for failure to prosecute, to compel discovery, and for a new scheduling Order, which was filed on November 29, 2012. Doc. 39. This case is also before the Court, *sua sponte*, upon *pro se* Plaintiff's non-compliance with the Third Order to Show Cause, issued by the Court on December 3, 2012. *See* doc. 41. There, Plaintiff was ordered to show cause why this case should not be dismissed for his failure to participate in discovery and the status conference scheduled for December 3, 2012. *Id.*

**I.**

In their motion to dismiss, Defendants argue -- and aver in three supporting affidavits -- that Plaintiff, as of November 29, 2012, has neither produced his Fed. R. Civ. P. 26(a) initial disclosures[2] nor responded to Defendants' written discovery requests issued in October 2012. *See* doc. 39. On December 3, 2012, the Court advised Plaintiff that a motion to dismiss was filed

---

[1]Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2]Pursuant to the Scheduling Order issued on July 18, 2012, Plaintiff's Fed. R. Civ. P. 26(a) initial disclosures were due October 19, 2012.

against him, and that his response was due on or before December 24, 2012. Doc. 40. Additionally, the Court then issued the aforementioned Third Order to Show Cause, and set December 24, 2012 as the due date to comply with the Order. Doc. 41. However, to date, Plaintiff has neither opposed Defendants' dismissal motion nor responded to the Court's Third Show Cause Order.

As Defendants accurately summarized at the outset of their motion, Plaintiff's participation in this case, to date, has been minimal, and this matter has been unnecessarily delayed because of Plaintiff's non-compliance with the Federal Rules of Civil Procedure, the Court's Scheduling Order, and the Court's Orders to Show Cause:

> The initial preliminary pretrial conference in this matter was scheduled for May 22, 2012. (Dkt. No. 10.) On May 22, 2012, counsel for Defendants Crosswhite, Slusher, and the City of Xenia telephoned the Court to participate in the telephone conference, but Plaintiff failed to appear. In response, the Court issued a Show Cause Order on May 22, 2012, ordering Plaintiff to contact the Court by May 31, 2012, to reschedule the preliminary pretrial conference. (Dkt. No. 14.) Plaintiff was advised that failure to comply could result in dismissal of this matter. (*Id.*)

> Plaintiff failed to comply with the May 22 Show Cause Order. (Dkt. No. 15.) However, Plaintiff had submitted a signed form consenting to the jurisdiction of the Magistrate Judge. (*Id.*) The Court therefore issued a second Show Cause Order on June 11, 2012, ordering Plaintiff to contact the Court by June 20, 2012, to reschedule the preliminary pretrial conference. (*Id.*) Plaintiff was again advised that failure to comply could result in dismissal of this matter. (*Id.*)

> Plaintiff also failed to comply with the June 11 Show Cause Order. On July 6, 2012, Plaintiff filed for leave to respond to the show cause orders. (Dkt. No. 18.) Plaintiff asked that his earlier failure to respond be excused because he had provided to the Court an address that he did not check frequently, and was therefore unaware that the orders had been issued. (*Id.*) Plaintiff simultaneously filed a change of address with the Court. (Dkt. No. 19.)

> The Court rescheduled the preliminary pretrial conference for July 17, 2012. (Dkt. No. 24.) Defendants filed an updated 26(f) report, reflecting the delay in the proceedings caused by Plaintiff's non-responsiveness. (Dkt. No. 26.) The preliminary pretrial conference was held on July 17, 2012, and counsel for Defendants Crosswhite, Slusher, and the City of Xenia participated, as did Plaintiff. (Dkt. No. 28.) Subsequently, the Court issued a pretrial order setting forth a schedule for proceedings in this case. (*Id.*) Plaintiff did not object to the

dates as set forth in the Court's pretrial order. Indeed, Plaintiff expressed a hope during the July 17 conference that the entire matter would be "wrapped up" within six months. (Rabe Aff., ¶4 [doc. 39-1]) On July 18, 2012, Plaintiff filed his Second Amended Complaint, naming Sidell as a defendant for the first time. (Dkt. No. 29.)

Since Plaintiff's July 18 filing, counsel for Defendants have heard nothing from Plaintiff. By this Court's order, disclosures pursuant to Rule 26(a)(1) were due to be exchanged no later than October 19, 2012. (Dkt. No. 28.) While counsel for Defendants timely submitted their disclosures to Plaintiff, Plaintiff has failed to make his own disclosures. (Rabe Aff., ¶¶5, 6; Dinkier Aff., ¶¶ 3, 4, attached as [doc. 39-3]; Snyder Aff., ¶¶ 3, 4, attached as [doc. 39-4])

Moreover, Plaintiff has failed to respond to Defendant's properly served written discovery requests. Written discovery requests were served on Plaintiff by Defendants Crosswhite and Slusher on October 17, 2012; by Defendant City of Xenia on October 16, 2012; and by Defendant Sidell on October 25, 2012. (Rabe Aff., ¶ 7; Dinkier Aff., ¶ 5; Snyder Aff., ¶ 7.) Plaintiff's responses were due 30 days after they were served upon him. Fed. R. Civ. P. 33, 34, 36. Plaintiff has never sought an extension from any defense counsel, and as of the date of this filing, no responses from Plaintiff have been received. (Rabe Aff., ¶¶ 8,9; Dinkier Aff., ¶ 6; Snyder Aff., ¶ 7.)

Prior to the filing of this motion, counsel for Defendants have made numerous attempts to contact Plaintiff, to no avail. (Rabe Aff., ¶¶ 10, 11; Dinkier Aff., ¶ 6; Snyder Aff., ¶¶ 5, 6, 8, 10.)

Doc. 39 at PageID 174-76 (citing docs. 39-1; 39-3; 39-4).

## II.

Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss a case "[i]f the plaintiff fails to prosecute or comply with these rules or a court order…." *See Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir. 1999). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Id*. at 363 (brackets and internal quotation marks omitted). A district court therefore "must be given substantial discretion in serving these tasks." *Id*.

Nevertheless, "[t]he dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious

conduct by the plaintiff." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736-38 (6th Cir. 2008) (internal citations omitted).  *See also Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (identifying the "competing concerns" that guide a Court's decision to dismiss an action for failure to prosecute as follows: "the Court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims," and, "[o]n the other hand[,] . . . the policy which favors disposition of cases on their merits"). "Contumacious" is defined as "perverse in resisting authority" and "stubbornly disobedient."  *Schafer*, 529 F.3d at 737 (citing WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 497 (1986)).

The Sixth Circuit has identified four factors that are considered in reviewing a Court's dismissal for failure to prosecute:  (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  *Schafer*, 529 F.3d at 737; *Knoll*, 176 F.3d at 363.   "Although typically none of the factors is outcome dispositive…a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, at *id.*

To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the Sixth Circuit has found that a plaintiff's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings."  *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (brackets and internal quotation marks omitted); *see also Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (affirming dismissal and finding the plaintiff's conduct to be "stubbornly disobedient

and willfully contemptuous" where plaintiff failed to respond to discovery requests and a motion to compel; failed to comply with a court order; and failed to oppose a motion to dismiss even after the district court granted an extension of time to do so).

The Sixth Circuit has held, for purposes of the second factor, that a defendant is prejudiced by plaintiff's conduct where defendant "waste[d] time, money, and effort in pursuit of cooperation which [plaintiff] was legally obligated to provide." *Schafer*, 529 F.3d at 737. Moreover, the Sixth Circuit has found that a plaintiff's failure to appear at a Court-ordered status conference, where defendant's counsel was "present and fully prepared to proceed," is sufficient to prejudice a defendant. *Rogers v. City of Warren*, No. 06-3658, 2008 U.S. App. LEXIS 24409, at *19 (6th Cir. Nov. 26, 2008).

As for the third factor, the Sixth Circuit has consistently held that "[p]rior notice, or the lack thereof, is…a key consideration" in determining whether a district court abused its discretion in dismissing a case for failure to prosecute. *Schafer*, 529 F.3d at 737; *see also Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998). The Sixth Circuit "has repeatedly reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further non-compliance would result in dismissal." *Wu*, 420 F.3d at 644 (internal quotation marks omitted).

Finally, the Sixth Circuit has found that Orders to Show Cause are sufficient to satisfy the fourth factor in the test for failure to prosecute. *Rogers*, 2008 U.S. App. LEXIS 24409, at *20-22. In *Rogers*, the Sixth Circuit accepted the district court's reasoning that:

> In light of Plaintiff's repeated failure to appear, it is difficult to conceive the manner in which any other sanction imposed by the Court would impact the Plaintiff's conduct. The Plaintiff has not responded in any discernible manner to the Court's order to show cause -- therefore, it is highly unlikely that any order

imposing a lesser sanction would trigger a response.

*Id*. at *21.

### III.

All four factors support the dismissal of Plaintiff's complaint with prejudice.  Since May 2012, the Court has had to issue three Orders to Show Cause due to Plaintiff's unwillingness to participate in status conferences and discovery.  *See* docs. 14, 15, 41.  Plaintiff's disregard of the Court's most recent Order to Show Cause -- its Third Show Cause Order -- clearly evidences his "willful contemptuous" attitude towards the Court and this case.  *Accord Schafer*, 529 F.3d at 736-38.  Such a finding is underscored by the fact that Plaintiff was notified in all three Orders to Show Cause that his failure to comply could result in dismissal.  *See* docs. 14, 15, 41.

In addition, the record strongly suggests that Defendants were prejudiced.  Defendants' counsel has been ready, willing, and able to participate in all of the Court's scheduled conferences, but Plaintiff repeatedly failed to participate in such conferences and in discovery. *See* Rabe Aff., ¶¶ 3-9 at PageID 182-83; Dinkler Aff., ¶¶ 4-6 at PageID 206-07; Snyder Aff., ¶¶ 4-7 at PageID 258-59.  *See also Rogers*, 2008 U.S. App. LEXIS 24409, at *19.  Moreover, the affidavits attached to Defendants' motion evidence their repeated efforts to extrajudicially contact *pro se* Plaintiff regarding their discovery requests and his production obligations, as well as Plaintiff's non-responsiveness.  *See* Rabe Aff., ¶¶ 7-11 at PageID 182-83; Dinkler Aff., ¶¶ 4-6 at PageID 206-07; Snyder Aff., ¶¶ 6-9 at PageID 258-60.

Given the Court's repeated willingness to afford Plaintiff opportunities to prosecute his case -- and Plaintiff's deliberate disregard for the due dates in the Court's Scheduling Order; his unwillingness to participate in Court-Ordered status conferences; his neglect of his initial disclosure duties under Fed. R. Civ. P. 26(a); and his failure to respond to the Court's Third

Order to Show Cause, Defendants' discovery requests, or to Defendants' motion to dismiss -- it is difficult to conceive how any sanction other than dismissal would impact Plaintiff's conduct. It is thus "highly unlikely that any order imposing a lesser sanction would trigger a response." *Rogers*, 2008 U.S. App. LEXIS 24409, at *21.

As such, the Court finds that Plaintiff's repeated failure to comply with court Orders and the responsibilities of litigation, even with notice of the possibility of dismissal of his case, shows "a clear record of delay" which has prejudiced Defendants.  Accordingly, Plaintiff's complaint should be dismissed with prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute his case.  *Accord Schafer*, 529 F.3d at 736-42.

<strong>IT IS THEREFORE RECOMMENDED THAT:</strong>

1. Defendants' joint motion to dismiss for failure to prosecute, to compel discovery, and for a new scheduling order (doc. 39) be **GRANTED IN PART AND DENIED IN PART**.  Specifically, Defendants' motion should be **GRANTED** to the extent it seeks dismissal of Plaintiff's complaint with prejudice; the remainder of the motion should be **DENIED AS MOOT**; and

2. This case be **CLOSED** on the docket of this Court.


January 3, 2013                                              s/Michael J. Newman
                                                            United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).